UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH RAY ADKINS,

        Plaintiff,

Case No. 1:03-CV-797

Hon. Gordon J. Quist

vs.

BASIL WOLEVER,

        Defendant.

                              /

**ORDER**

This is a civil rights action brought by a prisoner pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendant, a corrections officer employed by the Michigan Department of Corrections ("MDOC"), injured his right arm contrary to the Eighth Amendment's proscription against cruel and unusual punishment. This matter is now before the court on plaintiff's motion for a jury instruction related to spoliation of evidence (docket no. 94). Specifically, plaintiff asks the court to sanction defendant for failing to produce: stationary video footage that shows plaintiff being escorted back to his cell; a post-incident narrative video that contains interviews of staff members about the incident; and original photographs of plaintiff's injuries.

"Spoliation is the intentional destruction of evidence that is presumed to be unfavorable to the party responsible for the destruction." *Beck v. Haik*, 377 F.2d 624, 641 (6th Cir. 2004). The rules that apply to the spoliation of evidence and appropriate sanctions are defined by state law. *Id.*; *Nationwide Mutual Fire Insurance Co. v. Ford Motor Co.*, 174 F.3d 801, 804 (6th Cir. 1999). Under Michigan law, "where there is a deliberate destruction of or failure to produce evidence in one's control a presumption arises that if the evidence were produced it would operate

against the party who deliberately destroyed or failed to produce it." *Johnson v. Secretary of State*, 406 Mich. 420, 440; 280 NW2d 9 (1979). The trial court can sanction a party for failing to preserve evidence that the party knows or should know is relevant before the litigation is commenced. *Beck*, 377 F.3d at 641; *Bloemendaal v. Town & Country Sports Ctr. Inc.*, 255 Mich. App. 207, 659 N.W.2d 684, 686 (2003). A party may also be entitled to special instructions if he can raise an issue of fact as to whether a party has failed to preserve relevant evidence. *Beck*, 377 F.3d at 641, citing *Brenner v. Kolk*, 226 Mich. App. 149, 573 N.W.2d 65 (1998).

Michigan's spoliation instruction, M Civ JI 6.01 (formerly SJI 2d 6.01), provides that "where a party fails to produce evidence under its control, and gives no reasonable excuse for the failure to produce the evidence, a jury may infer that the evidence would have been adverse to that party." *Ellsworth v. Hotel Corp. of America*, 236 Mich. App. 185, 193, 600 N.W.2d 129 (1999). *See* M Civ JI 6.01.[1] The spoliation instruction should be given only when the court finds that:

> (1) the evidence was under the control of the party who failed to produce it and could have been produced by that party, (2) no reasonable excuse for the failure to produce the evidence has been given, and (3) the evidence would have been material, not merely cumulative, and not equally available to the opposite party.

*Id. See* Note on Use of M Civ JI 6.01.

Here, plaintiff has demonstrated that MDOC Custody Inspector Macauley viewed video surveillance footage from the November 26, 2002 incident, and that the MDOC had photographs depicting plaintiff's injuries. However, plaintiff's motion fails because he has not demonstrated that either the videotapes or the photographs were under defendant's control. *See Johnson*, 406 Mich. at 440; *Ellsworth*, 236 Mich. App. at 193; Note on Use of M Civ JI 6.01. The

---

[1] M Civ JI 6.01 includes four variations on the spoliation instruction, which can be tailored to the specific facts of the case.

purpose of the spoliation sanction is to deny a culpable party "the fruits of the party's misconduct." *Brenner*, 226 Mich. App. at 161. While Inspector Macauley or other MDOC employees may have failed to preserve the videotapes or photographs under their control, the court has no basis to sanction defendant for the actions of these non-parties. *See Johnson*, 406 Mich. at 440; *Ellsworth*, 236 Mich. App. at 193. *Cf. Townsend v. American Insulated Panel Co., Inc.*, 174 F.R.D. 1, 5 (D. Mass. 1997) (a litigant's duty to preserve evidence "does not extend to evidence which is not in the litigant's possession or custody and over which the litigant has no control").

Accordingly, plaintiff's motion for a jury instruction related to spoliation of evidence (docket no. 94) is **DENIED**, without prejudice to plaintiff rebriefing motion citing authority for holding individual defendant responsible for spoliation acts of non-party MDOC.

**IT IS SO ORDERED.**

Dated:  February 26, 2007                            /s/ Hugh W. Brenneman, Jr.
                                                                      Hugh W. Brenneman, Jr.
                                                                      United States Magistrate Judge