UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KENNETH RAY ADKINS,

                    Plaintiff,                    Case No. 1:03-cv-797
v.                                                Hon. Hugh W. Brenneman, Jr.

BASIL WOLEVER,

                    Defendant.
_____/

**ORDER TAXING COSTS**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendant's motion to tax costs in the amount of $ 1,794.25 (docket no. 26).

Defendant seeks the following costs: court reporter fees for transcripts necessarily obtained ($1,705.75); copying costs ($63.50); and docket fees ($25.00). 28 U.S.C. §§ 1920, 1923. In his response, plaintiff objects to the costs on four grounds: (1) defendant's motion for costs is premature; (2) plaintiff brought this suit in good faith; (3) this was a "close and difficult" case; and (4) plaintiff's indigency makes the award of costs unfair.

As an initial matter, the motion is not premature. W.D. Mich. LCivR 54.1 provides that "[i]f the parties cannot agree, a bill of costs shall be filed with the Clerk within thirty (30) days from the entry of judgment." Judgment was entered on March 13, 2007. The present motion to tax costs was timely filed within 30 days of the judgment (March 22, 2007).

Next, plaintiff asks this court to exercise its discretion and exempt him from paying costs. Fed. Rules Civ. Proc. 54(d)(1) states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). This rule

"creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001), *quoting White & White, Inc. v. American Hospital Supply Corp.*, 786 F.32d 728, 730 (6th Cir. 1986). The Sixth Circuit has identified several factors that a losing party may present, which may be sufficient to justify a district court in overcoming the presumption in favor of a cost award. *Singleton*, 214 F.3d at 539. These factors include the losing party's good faith, the difficulty of the case, the winning party's behavior, the necessity of the costs, and the losing party's indigency. *Id.*

   The court concludes that the three factors raised by plaintiff are not sufficient to overcome the presumption in favor of awarding costs to defendant. Plaintiff contends that his exhaustion of administrative remedies within the prison system is evidence that he brought this case in "good faith." Plaintiff is required to pursue and exhaust his administrative remedies prior to filing a prisoner civil rights suit in federal court. *See* 42 U.S.C. § 1997e; *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). While plaintiff's exhaustion of administrative remedies may demonstrate his intent to fulfill the statutory prerequisites for filing a federal civil rights action, this exhaustion has little bearing on whether plaintiff brought his suit in "good faith."

   Next, this was not a "close and difficult case." Plaintiff correctly points out that his suit is one of the few prisoner civil rights suits to survive summary judgment. However, demonstrating a "genuine issue of material fact" sufficient to escape summary judgment is not synonymous with presenting a "close and difficult case" at trial. Every case that goes to trial must survive a summary judgment motion. Plaintiff's case was not factually complex. The trial was essentially a swearing contest between plaintiff's witnesses and defendant's witnesses regarding the manner in which he sustained his injury. The jury apparently believed defendant's version of events, because it issued a verdict in his favor. There is no evidence that the jury struggled to reach its verdict. The court records

indicate that the jury deliberated approximately two hours, and did not request any clarifications or guidance from the court before rendering its verdict.

Finally, the court rejects plaintiff's contention that he should be exempt from paying costs because he is indigent. "The plaintiff's indigency does not prevent the taxation of costs against him." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). A party seeking to avoid payment of costs bears the burden of proof to show that he is unable to pay the costs. *See Berryman v. Hofbauer*, 161 F.R.D. 341, 346 (E.D. Mich. 1995). A party's indigency is not dispositive, but only one factor for the court's consideration in reviewing a motion to tax costs. *Id.* Plaintiff's situation is atypical. He filed suit while a prisoner, obtaining the benefit of the procedural rules applicable to prisoner's proceeding *in forma pauperis*. During the pendency of this suit, plaintiff was discharged from prison and later sent back to prison, where he is currently an inmate. A prisoner plaintiff's capacity to pay costs is immaterial to the decision to assess costs. *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997). Many, if not most, prisoners are indigent. Accordingly, plaintiff has not overcome the presumption in favor of a cost award.

Upon due consideration, the court finds that the costs sought in defendant's motion are authorized by law and are reasonable in nature and amount. Accordingly, defendants' motion will be granted. The Prison Litigation Reform Act (PLRA) requires that taxable costs be assessed in full against unsuccessful prisoner litigants. 28 U.S.C. § 1915(f)(2). The PLRA also establishes a statutory formula for periodic payment of costs taxed against prisoner litigants. *See* 28 U.S.C. § 1915. Under the PLRA plaintiff is required to make an initial payment of costs equal to twenty-percent of the greater of (a) the average monthly deposits to his prison account, or (b) the average monthly balance in his account over a six-month period. *Id.* After remittance of the initial partial payment, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only

when the amount in the account exceeds ten dollars ($10.00), until the full costs have been paid.  *Id.*

The court is unable to determine the amount of the initial partial payment in this matter, because plaintiff has failed to provide the court with a copy of his prison trust account statement. Accordingly, the court directs the agency holding plaintiff to determine an initial partial payment as calculated pursuant to 28 U.S.C. § 1915.  If plaintiff has insufficient funds to make an initial partial payment, then the agency is directed to forward payments of twenty percent of the preceding month's deposits in plaintiff's account to the Michigan Attorney General's office each time the amount in the account exceeds $10.00 until the costs are paid in full.  28 U.S.C. § 1915.  Therefore,

**IT IS ORDERED** that defendants' motion to tax costs (docket no. 126) is **GRANTED** and that judgment is entered against plaintiff in the amount of $1,794.25.


Dated:  May 21, 2007                          /s/ Hugh W. Brenneman, Jr.
                                              Hugh W. Brenneman, Jr.
                                              United States Magistrate Judge

4